UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

Case No. 8:24-CR-258-SDM

ROBERT DESSELLE

_____/

**SENTENCING MEMORANDUM**

**I. Preliminary Statement**

Robert Desselle ("Mr. Desselle") is a 47-year-old father with no prior criminal history. Mr. Desselle accepts responsibility for his actions and is asking the Court to consider the totality of the circumstances when determining a just sentence for his crime.

Pursuant to the U.S. Sentencing Guidelines and in accord with the decision in United States v. Booker, and 18 U.S.C. § 3553(a), the Defense respectfully requests that the Court consider these and other factors as it imposes a sentence that is "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a), 543 U.S. 220, 220 (2005).

**II. Legal Framework for Sentencing Analysis**

It is now well-established that sentencing requires a two-step process. First, the district court must correctly calculate the sentencing guideline range. Second, the district court must consider factors that may warrant a departure pursuant to the U.S. Sentencing Guidelines along

with factors outlined in 18 U.S.C. §3553(a) to determine a reasonable sentence as to each defendant in each case.

In <u>United States v. Talley</u>, the Eleventh Circuit enumerated the ten factors used to determine a reasonable sentence: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense to promote respect for the law and to provide a just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with appropriate educational training, vocational training, or medical care; (6) types of sentences available; (7) the correctly-calculated sentence range under the Sentencing Guidelines; (8) pertinent policy statements of the U.S. Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 431 F.3d 784, 786 (11th Cir. 2005).

**III.  Analysis of 18 U.S.C. § 3553(a) Factors:**

   a.  **(a)(1) The history and characteristics of Mr. Desselle**

In the PSR, Probation identified the history and characteristics of Mr. Desselle as factors for the Court to consider, specifically, his history of substance abuse and his family obligations, when determining if the Court should vary from the Advisory Sentencing Guidelines. <u>PSR</u> at 19-20.  With respect to his substance abuse, we ask that the Court recommend him for RDAP program.

Regarding his family obligations, Probation recognized that Mr. Desselle provided child support payments for his son in Louisiana for the past eleven years. <u>PSR</u> at 12.  Based on Probation's investigation, there is no evidence to believe that his son's mother was independently

wealthy and therefore would not be financially impacted if Mr. Desselle cannot pay his child support payments for an extended period while he is incarcerated. PSR at 12. We ask that Court consider his Mr. Desselle's family obligations when determining a just sentence for his crime.

### b. (a)(9) The need to avoid unwarranted sentencing disparities

In the PSR, Probation identified the need to avoid unwarranted sentence disparities as a consideration when determining if the Court should vary from the Advisory Sentencing Guidelines. PSR at 20. The Court previously indicated that it was contemplating sentencing Mr. Desselle to 60 months' prison. Based on a review of the PSR, the Court previously sentenced Co-Defendant Mark Kuehn, 8:23-cr-166-SDM, MDFL, to a 42-month prison sentence. PSR at 2.

Mr. Kuehn, like Mr. Desselle, was ordered to pay restitution in the amount of $4,500,000. PSR at 2. The Court also issued a civil forfeiture order in the amount of $251,010.00 to Mr. Kuehn. U.S. v. Kuehn, 8:23-cr-166-SDM, Document 24.

Counsel infers that the Court did not believe that Mr. Kuehn's criminal acts were analogous to Mr. Desselle's criminal acts, due to the disparities in the civil forfeiture amounts; the Court will issue a Mr. Desselle a Civil Forfeiture order in the amount of $2,116, 398.

Mr. Desselle acknowledges the referenced forfeiture amount disparity. However, based on a Forensic Accountant's ("Accountant") analysis of the proceeds derived from Mr. Desselle's criminal actions, Mr. Desselle's proceeds can be offset by $1,624, 261 in estimated business expenses. Exhibits 1, 2 and 3.

When conducting her analysis, the Accountant reviewed Mr. Desselle's 1120S 2018 through 2020 Business tax returns along with all business and credit card statements. She excluded all expenses that Mr. Desselle would have personally benefited from. For example, she excluded his meals, reduced his vehicle expenses by 50% along with excluding the depreciation expenses

3

because it was a non-cash expense. Of note, a significant amount of the expense offsets were for payments to subcontractors. Those subcontractors were 1099 independent contractors that were interacting with patients and providing instructions to patients on how to self-administer mouth swabs for genetic testing. With these expense offsets, Mr. Desselle derived $492,137.00 in net income. As such, Mr. Desselle's net income was closer in line with Mr. Kuehn's derived income of $251,010.00.

Assuming the Court agrees with the Accountant's analysis, we ask that the Court find that Mr. Desselle's criminal acts were comparable to Mr. Kuehn's criminal acts. Accordingly, we ask that Mr. Desselle be sentenced to 42 months BOP to avoid an unwarranted sentencing disparity between his sentence and Mr. Kuehn's sentence.

## **CONCLUSION**

Mr. Desselle accepts responsibility and understands that he should be justly punished. Since pleading guilty, Mr. Desselle has turned his transgressions into a positive starting point for the rest of his life.

Defense Counsel respectfully requests this Court take all the facts reviewed in this sentencing memorandum and PSR into consideration when it imposes a sentence that is "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a).

/s/ *BEN STECHSCHULTE*
Ben Stechschulte
Board Certified Specialist in Criminal Trial Law
Florida Bar No. 13984
Stechschulte Nell, PL
1105 W. Swann Ave.
Tampa, FL 33606
Telephone (813) 280 1244
Email: ben@tpatrialattorneys.com

4

**Certificate of Service**

I HEREBY CERTIFY that on the 18th day of September 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the Office of the United States Attorney.

/s/ *BEN STECHSCHULTE*
Ben Stechschulte
Board Certified Criminal Trial Specialist, BCS
Florida Bar No. 13984
Stechschulte Nell, PL
1105 W. Swann Ave.
Tampa, FL 33606
Telephone (813) 280 1244
Email: ben@tpatrialattorneys.com